**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| HA-RAKHAMON AZIZI, | ) | NO. CV 10-2108-CAS(E) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER DISMISSING ACTION |
| | ) | |
| AMERICAN GOVERNMENT, et al., | ) | FOR LACK OF SUBJECT MATTER |
| | ) | |
| Defendants. | ) | JURISDICTION |
| | ) | |
| _____ | ) | |

On March 23, 2010, Plaintiff, proceeding <u>pro se</u>, paid the filing fee and filed an untitled Complaint against "American Government," Henry Waxman, "Dept. of Justice and Education," and "L.A. and Beverly Hills Police Dept."  This Complaint, like Plaintiff's Complaint previously dismissed by the Court <u>sua sponte</u> in <u>Azizi v. American Government et al.</u>, No. CV 09-6677-CAS(CT), is large incomprehensible and wholly insubstantial.

The present Complaint vaguely charges "murder(s) and adultery as including homosexuality and idolatry . . . and unproper dictatorial act(s) such as lack of proper religion among other lack(s) of

1  constitutional right(s)."  Plaintiff seeks non-monetary damages,

2  including "the return of Jewish religious articles . . . to stores and

3  real synegouges [sic]," the delivery to Plaintiff on or before

4  April 26, 2010 of "a proper crown of my Jewish faith," and "a

5  restraining order for the two Christian fellow as charged with murders

6  along their employee [sic] of any firm that they have."  Plaintiff

7  also seeks millions of dollars in monetary damages for himself and

8  others, including "the oriental lady."

9

10      "A paid complaint that is 'obviously frivolous' does not confer

11  subject matter jurisdiction [citation] . . . ."  Franklin v. Murphy,

12  745 F.2d 1221, 1227 n.6 (9th Cir. 1984) (citing Hagans v. Lavine, 415

13  U.S. 528, 536-37 (1974)); see also Neitzke v. Williams, 490 U.S. 319,

14  327 n.6 (1989); Bell v. Hood, 327 U.S. 678, 681-82 (1946); Franklin v.

15  Oregon Welfare Div., 662 F.2d 1337, 1342-43 (9th Cir. 1981); O'Brien

16  v. United States Dep't of Justice, 927 F. Supp. 382, 384 (D. Ariz.

17  1995), aff'd, 76 F.3d 387, 1996 WL 29294 (9th Cir. 1996).  Dismissal

18  for lack of subject matter jurisdiction is proper when the federal

19  claim is "so insubstantial, implausible, foreclosed by prior decisions

20  of this Court, or otherwise completely devoid of merit as not to

21  involve a federal controversy."  Steel Co. v. Citizens for a Better

22  Env't, 523 U.S. 83, 89 (1998) (citations and internal quotations

23  omitted).  Dismissal for lack of subject matter jurisdiction may occur

24  sua sponte.  Fiedler v. Clark, 714 F.2d 77, 78 (9th Cir. 1983).

25  ///

26  ///

27  ///

28  ///

2

1    The manifest insubstantiality of the present Complaint deprives

2 this Court of subject matter jurisdiction.  This jurisdictional defect

3 could not be cured by amendment.  Therefore, IT IS ORDERED that the

4 reference to the Magistrate Judge is vacated, and this action is

5 dismissed with prejudice.

6

7    LET JUDGMENT BE ENTERED ACCORDINGLY.

8

9    DATED: March 31, 2010.

10

11

12 _____

13        CHRISTINA A. SNYDER
         UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28